Our first case on the call of the docket today Thursday, September 15 This says 2010. I think it's 2011 is Agenda number 10 case number one one seven nine five in re C.C. at all minors versus Marlene long counsel for the appellant Morning your honors and may please the court. I'm Eric Truitt assistant attorney general. I represent the people of the state of Illinois in this case As long was dismissed from the case after she waived adjudication on the neglect count In the neglect proceeding and then she was dismissed as a party because she no longer had legal status once her guardianship was removed This dismissal was consistent with the practice in ordinary civil cases if you're no longer Have a legal interest in a case you ordinarily dismiss from that case And there's nothing in the Juvenile Court Act that overrides this practice We can start by looking at the text of section 1-5 1 Which makes a guardian and parents and other individuals? Mandatory parties at the beginning of a proceeding if you look at why those persons are parties initially None of this turns on the best interests of the child There's no determination at the outset whether a parent's participation as a party in the case would benefit the children Instead it's because of that individual's legal relationship with the minor in the proceeding So it follows that once that legal relationship is no longer present Then that person should no longer be a party to the case But instead the appellate court interpreted the act as requiring either a best interest finding or some other Limitation on the trial court's ability to dismiss a person from a case once they no longer had a legal relationship She's biological grandmother yes I was several years Several years I think More than three It was I don't remember the exact. There's there's two minors involved, and I don't remember the exact Times for both of them, but it was not it was not you know a situation where she was a guardian for a month Or two you know it was it was Acknowledged by both sides that that miss long is you know played a substantial role in the children's lives Was that an important factor Services Well that is not why she was initially a party to the case if you look at the individuals again There's no requirement that the person In order to be a mandatory party at the outset Somehow have a substantial role in the child's life for example a parent Who's never played any role in the child's life males may still be a mandatory party just because of the legal rights that parents have in relation to their children Dismissal was she still going to play a substantial role in the children's life well the that that possibility existed in the future, but the CASA report Recommended that she have a visitation. I believe it was once a month So you know the CASA report recognized the relationship that she had had with the children But the permanency goal in this case was return home to a biological parent and there was concern in fact the reason why the neglect charges were The petition was filed in the first instance Well it wasn't just contact it was in essence allowing her to act as a mother without having the full legal Sort of in-between relationship having responsibility taking care for the children long as long as at work and so on Well at the same time not requiring that her daughter take full legal responsibility for the children that that was inhibiting her daughter's ability To ultimately you know take full You know custody and guardianship over the children  In the proceedings under 1 5 2 a I would think that she would qualify as a relative caregiver to participate And I think that point illustrates An important distinction between the reason why you would want someone to be a party and the reason why you want someone to participate In the same reason for example you might allow an amicus to participate either in the circuit court and appellate court The reason why you don't allow an amicus to become a party in all instances is because party status comes with Costs that amicus or participatory status doesn't bring so I think the act strikes a balance between if If someone has a right to participate because of the legal relationship that they have with the minor They're a required party if there's someone who's important in the child's life And that's illustrated because they're a relative caregiver or a current or former foster parent They're still allowed to participate and provide the kind of insight that the appellate court thought would be valuable in this case But it doesn't come with the cost and complexity of making that person a party because as we all know unfortunately once you're a party You can assert your own rights and those rights may be inconsistent or Contrary to you know those of the other parties in the case So making someone a participant rather than a party is a way of getting the benefits of their knowledge And their insight about the minors without the attendant cost and complexity of making them a party Is it the discretion of the court to permit the at this point in time the grandmother to participate? Or can the court say no? because she's No longer the legal guardian. I believe that Under the act let me refer let me just pull up the text exactly Under 2a It says any current or previously appointed foster parent or relative guardian has the right to be heard So that seems like it's not discretionary that it would be that it would be mandatory So what is What's really the practical effect of the difference between being a party and participating under? 1-5 The two differences are one that a party has a right to counsel as a as well as a right to publicly funded services So there's a cost difference and you can see in the act that the General Assembly was sensitive to this cost difference because for example consider the case of a foster parent who is taking care of a child for an extended period of time a Foster parent is allowed under the act to intervene in the proceeding But the act makes it clear that the foster parent must do so at their own expense So there's also discretionary with the court, isn't it? Yes. Yes No, it's not mandatory but I think what that shows is is that the General Assembly was aware of You know, we may want participation or even allow some people to intervene in the proceeding But the you know The right to state funded counsel and the right to state funded services should be limited to the people who have a you know Explicit legal interest under it and that's a different question than them being present as opposed to paying for counsel yes, the The 1-5 2a not only does it give you a right to be heard, but it also gives you a right to notice but the main difference between party status and This this other status and 2a is you know The right to state funded services and counsel and the second thing is just the ordinary rights of a party You know as an as an amicus or a participant You don't have the same ability to assert interests that are contrary to those of the other parties And so you just add add complexity by making someone a party because they have the ability to assert legal rights In a way that they can't assert them if they're merely a Participant or a friend of the court, but this doesn't seem to be in an amicus situation. The children lived with the grandmother case are For a long time and actually served as caregiver during the times. The mother was working Well, that is true, but the I was just drawing an analogy to amicus in terms of the the level of I think it's similar, you know, if I file a brief and there's an amicus party, I serve that brief They're aware of the upcoming Proceedings and so on and so forth. I think that's similar to the rights that a person would have here you know, obviously amicus is discretionary whereas under to a Person who's a former foster parent or relative caregiver has those rights automatically But in terms of their involvement and role in the actual proceedings, I think that they're they're roughly comparable But may I ask you that it's a very different situation in a trial court, obviously. Yes, not merely the filing of briefs What do you think that means the right to be heard does the? previously appointed caregiver have the right to Testify to cross-examine To call witnesses. What do you think that means? I'm not sure about all those those fine details. I mean, I think at a minimum it would mean that it at the You know the adjudicary Adjudication and permanency hearings would at least have the ability to submit you know some kind of statement either written or oral as to the to the exact detail of the participation I'm not aware of any any cases that go into great detail about that Also, you just I think previously said though that in the case of the foster parent It's the discretion of the court to permit foster parents in the court and to intervene So therefore under the right to be heard and cross-examine witnesses They wouldn't necessarily have a right to do that only at the discretion of the court well, the intervention is definitely at the discretion of the court for a foster parent, but under 2a a foster parent has the the right to be heard and the right to notice so those Those rights are not do not turn on on the discretion of the court The exact parameters of what it means to be heard and notice I don't think that we need to define those necessarily to resolve this case. We can simply see that The General Assembly did not intend to override the background rule of civil procedure based on its different treatment of Foster parents and other people again, if you look at the reasons why a Person has made a party in the first instance It's not because there's an assumption that that person's participation in the proceeding would benefit the child instead It's because of some legal relationship that that person has to the child So it would seem unusual that the initial reason they're a party would differ from you know The reason why they would remain a party. It seems like if the legal status is removed then they're no longer A party to the case and then they could if they wanted to continue to participate in the case They can do so under 2a May ask you one other question about how you think this will play out the last paragraph in that section Talks about any foster parent or relative caregiver who is denied his or her right to be heard Under this section may bring a mandamus action Do you think a former a caregiver falls within that Well, I think Ms. Long would qualify as a relative caregiver if it was someone who was a guardian who had a substantial relationship, but was not a relative then that would be You know, that would be a more a more difficult case So she has a right to be heard and she has the right to ask for mandamus to enforce that, right? Exactly a subject to the limitations of mandamus. There would need to be you know a clear I Think it would be difficult to file a mandamus action about you know, whether or not the scope of cross-examination was sufficient But if the trial court, for example refused to allow, you know, any oral or written statements whatsoever I think that would be a violation of you know, the clear duty of the court to allow her to participate Are there reasons other than cost and complexity? It should inform our decision Just the the legislature's intentions. I mean, I think that's the primary Thing here the the appellate court Based its decision on The fact that the act did not directly say that a person who no longer is a guardian Must be dismissed from the case so they treated that as as legislative silence But I think the act was it wasn't drafted in a vacuum It was drafted with you know The background rules of civil procedure in mind and there's actually you know a provision in the act that says the rules of civil procedure Apply if not, otherwise Preempted by the Juvenile Court Act, so I don't think that it's legislative silence. I think that it's the General Assembly simply You know, it's obvious if you no longer have if you're in the case initially because of your legal status and you no longer have that legal status Then it would be you know, the ordinary practice would be that person would be dismissed as a part of the case however, this is under the Juvenile Court Act and the The overall policy of the Juvenile Court Act and is the best interest of the child and and Miss Long is the grandmother and Quite frankly, I mean what anyone can see that the grandmother is going to be continuing in the life of these children that it would be in the overall legislative intent to have Someone who's still going to be involved participate in the proceedings going forward whatever happened in the past, but at least going forward I do see that but if you consider how the act treats Foster parents or relative caregivers two classes of people who? In many instances will have a similar relationship To the minors as Miss Long did in this case that does not make those persons mandatory parties And the act specifically provides that if a foster parent wants to intervene it has to do so at its own cost So I think it's again. I think it's important to Remember that the it seems like the party status and the rights and and the right to counsel the right to You know all of the ordinary incidents of being a party those stem from one consideration the legal relationship to the minor and then the ability to Participate in the case as an interested person those stem from another consideration, which is You know it's it's likely that those persons will be able to provide valuable insight or information to the court So I guess you know to sum that up. There's there's no reason that Miss Long has to remain a party in order to stay involved in this case now. She did express some concerns about the cost that it would be difficult for her to pay for the cost of Services that would allow her to ultimately reinstate guardianship Again the General Assembly You know you could say the same thing about a former foster parent who may be interested in adopting a child eventually they may have difficulty Paying for the cost of those services, but the act does not provide them to those persons At the state's expense and also it's important to remember that the permanency goal in this case is return home to a biological parents, so you know unless we've To throw in the towel on that goal then her Ultimate return to guardianship is you know is not the primary consideration here the primary consideration is is ultimately Returning the child home to a biological parent So I think in summary on the on the part of the act There's nothing in the act that requires a person once their legal status has been removed to remain a party To the case the appellate court viewed the acts so-called silence as an invitation to speculate about what the General Assembly may have wanted but I think it's fair to view that silence as a Recognition or adoption of the ordinary rule that once you have no legal status that you do not remain a party in the case The second point I'd like to address is that even if we do believe that in some instances The trial court should be required under the act To keep a person party to the case in this case the trial Court made findings about the best interests of the child that Miss Long's continued party status would not benefit the best interests of the child and the appellate court Did not identify Reasons why that finding was an abuse of discretion or a manifest way of the evidence Ordinarily the trial courts best interest findings were afforded substantial deference And here was supported by a documentic CASA report. It certainly there were disagreements between the between the various Persons informing the trial court, but ordinarily we would give the the trial court Substantial deference and how it weighs the evidence And and weighs the factors Concerning the best interests of the child so the appellate court seemed concerned that You know Miss Long was not You know that her involvement in the children's lives was beneficial which is definitely true in some respects But it it didn't really acknowledge or refute the reasons given by the trial court why her continued party status Would not be beneficial to the children and we touched on that a little bit earlier in essence there was this situation where Miss Long Didn't want to cut off her daughter entirely from the children But it left in sort of in a halfway state the mother was allowed to be with the children and mother when she wanted to But she wasn't Forced to take full legal responsibility for the children And the trial court on the recommendations of the special advocate found that that Was undermining the ultimate goal of of return home to a biological parent so again there You know it's true that there are other cases that the appellate court cited in which the guardian Had a Undeniably negative effect on the child's life, and there was no countervailing you know positive influence that they had But that you know that the fact that other guardians have done Have been more neglectful or been abuseful Towards children, and it's not a reason to disregard the trial court's findings in this case With regard to the permanency goal now return home to a biological parent has the courts Decided which parent As of the time of the record that that had not been settled there were You know there was certainly The goal was one or the other and there were you know there were barriers to both the parents are not together as a couple At the time the you know the mother was going through substance abuse treatment And it had a history of that and the father had also had Difficulties with that as well and also had not did not have a close relationship with the children at the time so you know You know it at least on the basis of the record that there wasn't specified that it would be one parent versus the other If it's the permanency goal is to the mother then the The more the mother had contact with the child wouldn't be counter contrary to what the goals were I'm not so does that you were saying that that the grandmother the legal guardian was permitting the Mother to see the children more often, and I'm trying to think why would that be a detriment to the children or not? The detriment was to the ability of the mother to develop the necessary parenting skills It is a situation where if you can have a relationship with your children But you don't have to take on all of the You know all of the burdens of being a parent. I mean parenting is difficult It's something that brings a great deal of joy, but it also brings a great deal of Difficulty and a great deal of responsibility, so if you're able to enjoy the benefits of spending time with your children But you don't ultimately bear the burden of all of the difficult aspects of parenting In the goal Well, I think that under the Under the plan adopted by the trial court there was going to be supervised visitation with both of the biological parents So I think that that goal can be achieved in a different way the concern here was just the ongoing relationship between Ms.. Long and her daughter and the effect that that was having on her daughter daughter's ability to develop those skills So again, this is not you know. This is not an instance where? You know there's allegations of child abuse or some sort of horrific conduct But Ms.. Long did waive adjudication on the neglect petition, so it's been established that the children Were exposed to an injurious environment And so your time has been expired for a while, I do you have any other questions justice for all right. Thank you very much Counsel for the Apple II Daniel Kennedy for Marlene long May support counsel. I'm sorry. I'm a little bit confused on something did the Did the grandmother argue in the appellate court that she should still be guardian She wanted to be restored to guardianship at the conclusion of the case Yes, your honor And she's also arguing that she should be a court-appointed counsel yes, your honor. She was indigent Thank you, okay And that point was guy I know you're ready to start here anytime soon yes justice, okay? the appellate court decision really looks at the Grandmother in this case as a situation analogous to a presumed parent, right? Yes, your honor. That's the 8k case the 8k case which was really under Section 229, but at any rate the appellate court Looks at the grandmother here as a presumed parent, but for purposes of 1-5 1 the grandmother is Primarily looked at as a guardian right and and I argued also that she was a responsible relative under 1-5 Okay, and one 1-5 really doesn't take into account specific facts, right? You know let me tell you what I where I'm getting at here Our holding will apply to all guardians You'd agree with that I agree with that, okay? Whether they're grandmothers or not they will apply to all guardians and in this case Keeping a little bit with the theme that justice Freeman started This is a guardian who didn't even appeal the termination Of her guardianship right that's correct. I was not her trial counsel Okay, but that's factual that's factual so we have a situation in which the appellate court their analysis argued by analogy presumed parent because it's a Grandmother, but yet we have to acknowledge that whatever we say will apply to all guardians under 1-5. I think that's true Okay, thank you. Thank you your honor On that yes, ma'am. I'm sorry. I'm a little point that justice Thomas is bringing out did the grandmother have Appointed counsel through the through the trial court proceedings. Yes, she did She is no longer She's no longer involved in the suit at all the I Know this isn't part of the record, but you asked some questions earlier about what the status of the case is now Well, I just in terms of the grandmother having Court-appointed its court-appointed counsel throughout the trial court or did she pay for no she had court-appointed to counsel And I was court-appointed to handle her appeal My firm handles all of the appeals in juvenile abuse neglect matters in my county I Start now In The appellants brief there are no fewer than 15 14 references to cost and complexity cost of appointed counsel and cost of services During his argument this morning, mr. Truitt Cited cost and complexity at least three times The focus of the juvenile court act should never be on the dollar. It should only be on the best interest of the child That's why Illinois has the first juvenile court act in in American history, it's always been focused on what's good for the child The appellant also argues in its in its brief that there are too many cooks in the kitchen Yeah, if Marlene long were permitted to remain a party I Don't particularly think the juvenile court act cares about how many cooks are in the kitchen. I think they care about the ultimate result Reuniting a child with its parent if possible or Finding a permanency goal that gives that child a sense of permanency You're talking about best interest of the child Are you saying that has anything to do with whether or not she remains a party? I mean should should that be the basis that that a Decision is made is whether if someone's a party or not well in in Ray a K The court using that presumed parent Analogy ruled that even though a presumed father who was later Found not to be a biological parent Was permitted to remain a party because he had important information That he could disseminate as to the best interest of the child. So yes, I think so How are with the grandmother's rights Not be protected by the What is it 1-5-28? By being Allowed to participate but not being a party. How would she be disadvantaged? Well, she was disadvantaged because she went from being the primary caregiver of this child of these two children. I'm sorry To being allowed one hour a month of visitation That's a pretty drastic change Well as a party she would be entitled to services Which would be designed to restore her guardianship to remove whatever impediments there were That resulted in the removal of her guardianship and those services. I she's remember she's an indigent So those services she could not afford on her own Had she had the resources to hire counsel to appeal from the trial courts Dismissal of her which I know at the dispositional hearing and the wherewithal to pay for her own services Would she had been dismissed as a party I doubt it. I think it's only a cost-benefit analysis That does that answer your question madam justice The cost doesn't Doesn't have anything to do with because I mean there's not a different standard for whether you're indigent or whether you're not in I mean this applies to everybody Right, whether they're a party and we're making it. We're saying what the law requires, right? I Distinction between her as guardian and her as a responsible relative both are entitled to be parties under 1-5 and Since she was basically raising these children. She was the sole caregiver in many ways I think that her responsible relative status mandates mandated her maintenance as a party The Cases that are cited in This matter in Ray and asked is the one that I were relied upon mostly in my brief to the 4th district He was not mr. Unasked or mr. Stone, I'm sorry and his wife divorced his wife had two children He got custody of those two children and he became a necessary party because he was the custodian Marlene long was the custodian in in addition to being the the guardian The state sites in its appellate in its brief that s in Ray SB was correctly decided and I agree with that In Ray SB was correctly decided the in that case CL the guardian was given 11 months following the dispositional hearing in order to engage in and complete services to Regain guardianship of her of the child She chose not to Had she been a parent the state likely would have followed a motion to terminate her parental rights Because she failed to make any progress whatsoever So in that regard I do agree with SB but SB also stands for the proposition that they are a guardian was given court-appointed counsel and Publicly funded services to cure the defects in her relationships But additionally And yes, so the issue was whether the stepfather or the minors who had been granted legal custody of them and his divorce From their mother was entitled to an adjudicator Hearing on the issue of fitness. That's correct before he was deprived custody by the courts adjudication of wards, right? So he was a necessary party He was entitled to an adjudication You're not saying that that's directly on point here No, but it's part of the thread of The three cases that we have and asked SB and a K that say that people I'm sorry. None of those are directly. No, there is no case directly on point Also the juvenile court act is to be liberally construed To meet its ends and that is to meet the best interests of children if that involves having a guardian or a Responsible relative who is in a better position than anyone else to determine what is in the best interest of a child They should remain as parties to the case Thank you very much How do you address opposing counsel's argument regarding the best interest finding that was made here At the trial court level, right? I think that he said was not looked at by the appellate. No, I don't think it was addressed by the appellate court. I Think I can't answer that question. I wish I had been at the trial court level with Marlene But I wasn't Does it have any import before us today? I think I think that everything that happens in juvenile court from the filing of a petition and the decision to prosecute the petition Involves the best interest of a minor. I don't think you can escape that in the juvenile court act Thank you Sure, ma'am Because miss long At the trial court didn't after the trial court ruled did not have counsel she That's why she didn't appeal those other issues. I Don't know. I've never addressed that with Marlene. I was I was appointed to represent her on appeal I don't know why that her trial court counsel Didn't take issue with her dismissal. I just don't know Thank you your honors Mr. Truitt Mr. Truitt, will you pick up on that import of the best interest finding? Oh, yes I mean in this in this particular case The trial court found that if miss long remained a party to the case that it would interfere with the permanency goal And so if you're going to read the act as the appellate court did To require the trial court to to keep a former guardian if it's in the best interest of the child Then the decision should still be reversed because the trial court made that finding and the appellate court Did not identify the reasons why it was against the manifest way of the evidence or an abuse of discretion And so, you know, that's an alternative basis to reverse in this case I think I wanted to address One thing that he said about the best interest of the child and its relationship to the act It is true that the acts overall purpose is to advance the best interest of the child, but I don't think that that allows a court to simply Overlook the text of the act if you look at 1-5-1 again It requires that people are a party initially not because their part their involvement in the case is in the best interest, but rather because of their legal status to the minor in many instances a Mandatory party has no relationship at all to the child An absentee father for example is still a mandatory party even if that person has no information or advice to give about the children's best interest a person who is ultimately Adjudicated to have neglected or abused the child and their parental rights are terminated They're still a mandatory party to the case Even though the evidence has shown that that their involvement with the children has been detrimental to the child So I think at least when it comes to party status The defining issue is not whether or not The person's involvement in the case is best interest. It's really about their legal relationship to the minor at issue of the case the second thing I'd like to say about the best interest is that if His point about the best interest were true It would be difficult to explain the choices that the General Assembly made with respect to foster parents former foster parents and relative caregivers all of those classes of people just like Ms. Long are likely to have Or at least in many cases we'll have a close relationship with the child and we'll be able to offer the court A great deal of information about the child, but those persons are not mandatory parties in the case of foster parents They're permitted to intervene, but they must do it so at their own expense so while it's true that the act Is generally concerned about the best interest of the child when it comes to party status? The act has made you know specific choices that that the court should respect Thank you for your argument Case number one one 795 in Ray CC versus long that's taken under advisers agenda number 10